The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II. No brief was ever submitted to the Full Commission by the Defendant. Plaintiff filed a Motion to dismiss. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner George T. Glenn, II.
 ***********
The issues to be determined are as follows:
 ISSUES
1. Whether the defendant was subject to the Workers Compensation Act at the time of plaintiffs injury, February 14, 1998.
2. Whether plaintiff sustained an injury by accident or developed an occupational disease as a result of his employment with defendant.
3. What benefits, if any, is the plaintiff entitled to recover through the North Carolina Workers Compensation Act?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. A copy of the North Carolina Industrial Commission hearing docket with the above case was served upon defendant by certified, return receipt mail at 109 Crosscut Trail, Mt. Airy, North Carolina 27030 and signed for by Pamela Chaney on December 9, 1999. An additional hearing docket was served upon defendant by certified, return receipt mail at 109 Crosscut Trail, Mt. Airy, North Carolina 27030 and signed for by Bruce Chaney on January 12, 2000.
2. Defendant failed to appear at the hearing before the Deputy Commissioner, nor was there any representative appearing on behalf of defendant. Defendant also failed to appear before the Full Commission at the scheduled hearing for defendants appeal of the Deputy Commissioners Opinion and Award.
3. On May 28, 1997, plaintiff was employed by defendant as a painter and was painting a stage at a church in Greensboro, North Carolina. Defendant also employed Dennis Chaney, Jimmy Reynolds and Ernest Hall as regular employees on said date.
4. Plaintiff does not have any knowledge of defendant having any workers compensation insurance. Defendant was a paint contractor.
5. On May 28, 1997, plaintiff was painting on a ladder when he fell some 25 feet after losing his balance. Plaintiff broke his right foot, which required medical treatment. Plaintiff was treated at Wesley Long Memorial Hospital in Greensboro, North Carolina. His right foot was placed in a cast. Thereafter, plaintiffs medical care was transferred to Dr. C. S. Whitman in Elkin, North Carolina.
6. Plaintiff was taken out of work by Dr. Whitman from May 28, 1997 through October 9, 1997, as a result of the injuries he sustained from the said fall.
7. Plaintiff incurred medical expenses as a result of his fall and defendant has not paid the same. Plaintiff has not been paid any compensation for the periods of time he has been out of work as a result of his fall.
8. Plaintiff earned $8.00 per hour and he worked an average of 45 hours per week giving him an average weekly wage of $380.00, yielding a compensation rate of $253.46 per week.
9. Defendant did not have a workers compensation policy in effect at the time of plaintiffs injury by accident, nor was defendant an approved self-insured.
10. Defendant wrote a letter to Industrial Commission on December 29, 2000, which was received on January 2, 2001. There is no indication that a copy was sent to the plaintiff or the plaintiffs attorney. In this letter he gave notice of appeal from the decision of the Deputy Commissioner filed December 20, 2000. His reason for not been present at the hearing before the Deputy Commissioner on January 20, 2000, was that he was unable to get out of his driveway because of a heavy snowfall. "I live outside of Mt. Airy close to the Virginia foothills. I thought surely it would be rescheduled, but apparently weather was worse in my area, he wrote. He said he did not have workers compensation insurance at that time because he was just struggling by. "I knew better than to put him to work (because of plaintiffs reputation for drug and alcohol abuse), but I felt sorry for him, so now I'm in trouble for being considerate for a persons well-being.
 ***********
Based on the foregoing stipulation and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On May 28, 1997, defendant and plaintiff were subject and bound by the North Carolina Workers Compensation Act.
2. On May 28, 1997, defendant regularly employed three or more employees and as such was required to maintain and have in force a valid workers compensation insurance policy as required by Chapter 97 of the North Carolina General Statues. Defendant failed to have workers compensation insurance at the time of this injury by accident.
3. On May 28, 1997, plaintiff sustained an injury by accident while in the course and scope of his employment with defendant.
4. As a result of his injury by accident, plaintiff is entitled to temporary total disability compensation from May 28, 1997 to October 9, 1997.
5. Plaintiff has incurred medical expenses as a direct result of the injury by accident of May 28, 1997.
6. Plaintiffs average weekly wage at the time of his injury by accident was $380.00, yielding a compensation rate of $253.35 per week.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Subject to the attorneys fees hereinafter approved, defendant shall pay to plaintiff compensation at the rate of $253.35 per week beginning on May 28, 1997 and continuing through October 9, 1997. This portion of this award has accrued and shall be paid in a lump sum, subject to the attorneys fees hereinafter approved.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiffs period of disability.
3. Defendant shall pay to plaintiffs attorney a reasonable attorneys fee in the amount of twenty-five percent of the compensation due plaintiff.
4. Defendant shall pay costs of this action.
5. This matter is hereby referred to the Fraud Division of the North Carolina Industrial Commission for investigation of defendants failure to maintain workers compensation insurance.
This 19th day of July 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER